CENTRAL STATES, SOUTHEAST AND
SOUTHWEST AREAS PENSION
FUND, Plaintiff,

v.

N.E. FRIEDMEYER–SELLMEYER
DISTRIBUTION COMPANY,
Defendant.

No. 84–1669C (5).

United States District Court,
E.D. Missouri, E.D.

Jan. 12, 1987.

Donald J. Weyerich, Michael A. Kafoury, Clayton, Mo., Dave B. Helfrey, Gino F. Battisti, St. Louis, Mo., for plaintiff.

Mark D. Pasewark, St. Louis, Mo., for defendant.

## MEMORANDUM

LIMBAUGH, District Judge.

Plaintiff Central States, Southeast and Southwest Areas Pension Fund contends that it has the right to audit the personnel records of defendant N.E. Friedmeyer-Sellmeyer Distributing Company. Defendant concedes that under the decision of the United States Supreme Court in *Central States v. Central Transport*, 472 U.S. 559, 105 S.Ct. 2833, 86 L.Ed.2d 447 (1985), plaintiff has the right to audit its records. However, Friedmeyer seeks to limit the records it must produce, and contends the Fund should not disclose any information it obtains to defendant's competitors or other third parties.

The parties tried this cause to the Court, and this Memorandum constitutes the Court's findings of fact and conclusions of law for purposes of Fed.R.Civ.P. 52(a).

### Findings of Fact

Plaintiff Central States, Southeast and Southwest Areas Pension Fund is a multi-employer/employee benefit plan within the purview of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The Fund provides a variety of benefits to employees of companies that have collective bargaining agreements with the International Brotherhood of Teamsters. Defendant N.E. Friedmeyer-Sellmeyer Distributing Company employs members of the Teamsters Union Local No. 688 and, as a member of a multi-employer bargaining association known as the St. Louis Fruit and Produce Association, the company entered into collective bargaining agreements with the Local in 1979 and 1982. In signing the collective bargaining agreements, Friedmeyer agreed to comply with the provisions of a 1955 trust agreement which created the Fund.

Article III, § 1 of the trust agreement requires Friedmeyer to make "continuing and prompt payments to the Trust Fund as required by the applicable collective bargaining agreement." In addition, § 4 of the same Article requires the Fund's trust-

ees "to demand and collect the contributions of the Employers to the Fund" and to "take such steps . . . [as needed] to effectuate the collection or preservation of [employer] contributions." [bracketed comment added]. In particular, Article III, § 5 of the agreement provides that

The Trustees may, by their representatives, examine the pertinent records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust.

The collective bargaining agreements required Friedmeyer to make contributions to the Fund from December 28, 1980, to December 31, 1983. Apparently, the Fund has reason to believe that defendant did not make sufficient payments during this period. The parties agree that Central States has the right to conduct some kind of audit to ensure the company complied with the agreements. However, Friedmeyer contends that plaintiff should have access only to the personnel records of those employees covered by the applicable collective bargaining agreement. Additionally, the company has agreed to provide affidavits from non-covered employees attesting that they did not do bargaining unit work during the relevant time period. Plaintiff claims it has the right under ERISA and the collective bargaining agreements to determine which of Friedmeyer's employees fall within the bargaining unit. The Fund believes it should not have to depend on defendant's representations but, instead, should have the right to determine independently who qualifies for coverage.

Plaintiff presented the testimony of one of its employees, Michael D'Onofrio, an accountant experienced in conducting compliance audits of employers. He testified that the Fund can accurately determine whether the company complied with the agreements only by auditing the personnel records of all its employees. In particular, to obtain an accurate result, he must have access to

1. Payroll Ledgers;

2. Individual Earnings Cards;

3. Trip Sheet/Drivers' Daily Logs;

4. IRS Forms W–2, W–3 and W–4;

5. IRS Forms 941 and 941c;

6. IRS Forms 1099 and 1096;

7. Department of Labor Statistics Log and Summary of Occupational Injuries and Illnesses;

8. Seniority List;

9. Central States Monthly Billing Statements; and

10. Employee Billing Changes and Corrections Forms 206–DP.

Only by examining all of these documents can D'Onofrio accurately determine which employees can claim benefits under the trust agreement and, concomitantly, whether the company made sufficient contributions.

Defendant presented the testimony of its president, Norman Friedmeyer. He stated that the company does not keep Occupational Safety and Health Administration (OSHA) records, and does not issue forms 1099. Friedmeyer did indicate, though, that the company has some records, including time cards, W–2 forms and 941 forms. He did not specifically discuss the other types of records requested by the plaintiff.

In addition, defendant presented the expert testimony of Caroline J. Kittley, a certified public accountant. She stated that an audit on the scale proposed by the plaintiff is not necessary. Instead, the Fund can accurately determine the size of the bargaining unit during the pertinent time period by compliance testing, i.e. by examining the company's internal controls as represented by management. Kittley also asserted that the Fund can obtain affidavits from those persons whom defendant contends are not members of the collective bargaining unit.

Kittley admitted on cross-examination that she has never conducted a pension fund compliance audit. Although D'Onofrio is a Teamsters employee, the Court finds his testimony more convincing than that offered by Friedmeyer's expert. He has considerable expertise in this area, and

Friedmeyer did not demonstrate any errors in his testimony. To conduct an effective audit, then, plaintiff must have access to the requested records of all of Friedmeyer's employees from December 28, 1980, through December 31, 1983.

### Conclusions of Law

The Court has subject matter jurisdiction of this cause pursuant to § 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a); § 502 of ERISA, 29 U.S.C. § 1132; and 28 U.S.C. § 1331.

In *Central States v. Central Transport,* the Supreme Court specifically rejected the argument offered by defendant that plaintiff should not have access to records of employees whom the company believes are not part of the collective bargaining unit. 105 S.Ct. at 2838. This decision has particular force here because the section of the agreement which provides that the trustees of the Fund may examine "pertinent records" is identical to that before the Supreme Court in *Central States. Id.* The Court will require Friedmeyer to provide the requested records of all its employees, to the extent these records exist.

However, the Supreme Court in Central States recognized that a Court may place some limits on an audit. In particular, the Supreme Court noted with approval that the Teamsters, in their presentation in the District Court, "had repeatedly stated that confidential payroll data would not be copied or removed from the Central Transport premises once the auditors have satisfied themselves that particular individuals are not performing bargaining unit work." *Id.* 105 S.Ct. at 2837 n. 5, *quoting, Central States v. Central Transport,* 522 F.Supp. 658, 664 (E.D.Mich.1981). While plaintiff's auditors should have access to the records of all employees, they should not remove or copy the records of those persons who did not perform bargaining unit work.

Plaintiff shall conduct this audit for the sole purpose of determining whether defendant made adequate payments to the Fund from December 28, 1980, through December 31, 1983. In addition, the Court recognizes that under consent decrees entered in *Donovan v. Fitzsimmons,* No. 78–342 (N.D.Ill. Sept. 22, 1982) and *Donovan v. Robbins,* No. 78–4075 (N.D.Ill., February 14, 1985), plaintiff has an obligation to provide certain information to the Secretary of Labor at his request. The Court will allow plaintiff to provide the Secretary with information obtained during the audit of defendant Friedmeyer in accordance with the consent decrees. Plaintiff may also provide this information to third-parties if authorized by order of a court of competent jurisdiction. Other than these limited exceptions, the fund shall not use any information obtained during the audit of defendant Friedmeyer for any purposes other than to determine whether defendant has adequately complied with the employer contribution provisions of the collective bargaining and trust agreements. Any variations from the accompanying order will result in severe sanctions.

### ORDER

In accordance with the Memorandum filed today,

IT IS HEREBY ORDERED AND DECLARED that defendant N.E. Friedmeyer-Sellmeyer Distributing Company shall submit to an audit of its personnel records by plaintiff Central States, Southeast and Southwest Areas Pension Fund for the sole purpose of determining whether defendant adequately complied with the employer contribution provisions of the collective bargaining and trust agreements between the two parties during the relevant time period of December 28, 1980, through December 31, 1983.

IT IS FURTHER ORDERED that plaintiff shall conduct the audit under the following conditions.

1. The audit shall occur at the premises of defendant N.E. Friedmeyer Distributing Company or some other place designated by defendant at a convenient and reasonable time within three (3) months from the date of this order.

2. Defendant shall produce those available documents and records requested by plaintiff for all persons it employed during the relevant time period. Defendant shall have the right to be present with counsel during the audit.

3. When plaintiff's auditors and representatives and defendant and its representatives determine that a particular employee did not conduct bargaining unit work during the relevant time period, plaintiff shall not remove or copy the records relating to that employee.

4. Plaintiff may utilize the information obtained during the audit for the sole purpose of determining whether defendant Friedmeyer adequately complied with the employer contribution provisions of the collective bargaining and trust agreement during the relevant time period. Additionally, plaintiff may provide this information to third-parties only if required by order of a court of competent jurisdiction.

IT IS FURTHER ORDERED that the Court will retain jurisdiction of this cause pending disposition of the audit and any related proceedings. If either party fails to comply with the letter or spirit of this Order and Memorandum, the Court will impose severe sanctions.